UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| HOPE LINDO-DMYFRYK, | ) | Case No.  6:09-bk-06721-KSJ |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |

## MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO REDEEM AND MOTION FOR RECONSIDERATION

This case came on for hearing on July 28, 2009 to consider the debtor's Motion to Redeem Exempt Property (the "Motion to Redeem") (Doc. No. 15) and the response filed by Creditor Bill Hicks Auto Sales, Inc. ("Bill Hicks") (Doc. No. 16). The Chapter 13 trustee, Laurie K. Weatherford, and William F. Hicks attended the hearing. The debtor, who is *pro se*, did not attend the hearing. After considering the positions of the parties in interest and the law, and for the reasons explained at the hearing and further explained herein, the debtor's Motion to Redeem is denied. Subsequent to the July 28, 2009 hearing, on July 30, the debtor filed a nearly identical motion (the "Motion for Reconsideration")[1] (Doc. No. 20) to the Motion to Redeem (Doc. No. 15).  For the reasons and law explained herein, the Motion for Reconsideration also is denied.

The debtor was delinquent in her payments due to Bill Hicks for the purchase of her vehicle, a 1996 Chevrolet Blazer. On May 8, 2009, Bill Hicks repossessed the vehicle.  The debtor later filed this Chapter 13 case on May 15, 2009.  Subsequently, on May 19, 2009, Bill Hicks received notice that the debtor had filed a Chapter 13 case.

---

[1] The paper filed by the debtor is erroneously styled as an "order" and simply repeats the relief requested in the Motion to Redeem. Therefore, the Court is treating this latest motion as a motion to reconsider its decision denying the debtor's Motion to Redeem.

In her Motion to Redeem, the debtor asked the Court to direct Bill Hicks to return to her the repossessed vehicle asserting that the vehicle was exempt. In its response (Doc No. 16) and at the hearing, Bill Hicks argued that, because it had repossessed the vehicle before the debtor filed her Chapter 13 case, the vehicle was not part of the debtor's bankruptcy estate, and the creditor had no obligation to return the vehicle to the debtor. Bill Hicks is correct.

Whether a debtor's interest in property constitutes "property of the estate" for bankruptcy purposes is a federal question; however, the nature and extent of a debtor's right to property is determined by examining applicable state law. Butner v. United States, 440 U.S. 48, 55 (1979). In this case, Florida Statute § 679.623 governs the right to redeem collateral in Florida. In Bell-Tel Federal Credit Union v. Kalter (In re Kalter), 292 F.3d 1350 (11th Cir. 2002), the Court of Appeals for the Eleventh Circuit held that, pursuant to Florida law, vehicles repossessed pre-petition due to a debtor's default in payments are not property of a debtor's Chapter 13 bankruptcy estate. A Chapter 13 debtor's statutory right to redeem a vehicle is insufficient to render a repossessed vehicle property of the estate where the debtor takes no affirmative steps towards redemption, for example, by tendering "fulfillment of all obligations secured by the collateral as well as the expenses incurred by the secured party in preparing for the disposition of the collateral." Kalter, 292 F.3d at 1354 (citing and discussing Florida Statute § 679.506 predecessor to Florida Statute § 679. 623, governing the right to redeem collateral in Florida as of January 1, 2002).

In this case, the debtor has taken no affirmative steps towards redemption. Payment over time in a Chapter 13 plan does not equal a tender of the entire balance due under Florida Statute § 679.623. In re Johnson, 328 B.R. 234, 236 (Bankr. M.D. Fla. 2005) (citing In re Menasche, 301 B.R. 757, 761 (Bankr. S.D. Fla. 2003); "To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay,

are not enough." <u>Menasche</u>, 301 B.R. at 762 (*quoting* <u>Southfork Investments Group, Inc. v.</u> <u>Williams</u>, 706 So.2d 75, 79 (Fla. 2d. Dist.Ct.App.1998)).

In this case, Bill Hicks repossessed the vehicle before the debtor filed her Chapter 13 case. The debtor has taken no affirmative steps to redeem the vehicle. The debtor, therefore, is not entitled to the return of her car. The Motion to Redeem is denied.

Turning to the debtor's Motion for Reconsideration (Doc. No. 20), such motions are granted only under extraordinary circumstances due to interests in finality and conservation of judicial resources. <u>In re Mathis</u>, 312 B.R. 912, 914 (Bankr.S.D.Fla.2004); <u>In re Homestead</u> <u>Partners, Ltd.</u>, 201 B.R. 1014, 1017 (Bankr. N.D. Ga. 1996). They are not appropriate vehicles to re-argue issues already resolved by the court or to raise new arguments. <u>Sanderlin v. Seminole</u> <u>Tribe of Florida</u>, 243 F.3d 1282, 1292 (11th Cir. 2001); <u>In re Investors Florida Aggressive</u> <u>Growth Fund, Ltd.</u>, 168 B.R. 760, 768 (Bankr. N.D.Fla. 1994). Only three reasons merit reconsideration of a prior ruling: (1) a change in controlling law; (2) newly discovered evidence; or (3) a clear error of law or fact that results in manifest injustice. <u>In re Kellogg</u>, 197 F.3d 1116 (11th Cir. 1999); <u>In re Barber</u>, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004); <u>In re Investors</u> <u>Florida</u>, 168 B.R. at 768.

Here, the debtor's Motion for Reconsideration (Doc. No. 20) is nearly identical to the Motion to Redeem (Doc. No. 15). The debtor does not argue there has been a change in controlling law or that a clear error of law or fact results in a manifest injustice, nor does she

bring forth any newly discovered evidence. Accordingly, the Motion for Reconsideration (Doc. No. 20) also is denied.

      DONE AND ORDERED in Orlando, Florida, on August 18, 2009.

 

_____

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Hope Lindo-Dmyfryk, 2825 Grove Drive, Sanford, FL  32771

Trustee:  Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL  32790

Creditor:  Bill Hicks Auto Sales, 317 W. 1st Street, Sanford, FL  32771